JUDGE FURMAN

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

HENRY NGUYEN, SHANE CERES, SAMPSON
DUONG, and JONATHAN JOO, individually and
on behalf all others similarly situated,

        Plaintiffs,

        vs.

BONCHON U.S.A., INC.; BONCHON
FRANCHISE LLC; BONCHON LLC; and
JINDUK SEH, in his individual and corporate
capacities,

        Defendants.

Case No.

13 CV 5246



RECEIVED
JUL 26 2013
U.S.D.C. S.D. N.Y.
CASHIERS

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs Henry Nguyen, Shane Ceres, Sampson Duong, and Jonathan Joo, individually

and on behalf of all others similarly situated, by and through their undersigned counsel, The

Ottinger Firm, P.C., hereby allege as follows:

## PRELIMINARY STATEMENT

1.      This is a collective action brought by Individual and Representative Plaintiffs

HENRY NGUYEN, SHANE CERES, SAMPSON DUONG, and JONATHAN JOO

("Plaintiffs"), on their own behalf and on behalf of the proposed collective class identified below

(the "Collective Action Members"). Plaintiffs and the Collective Action Members were or are

employed as salaried employees by Bonchon U.S.A., Inc., Defendants Bonchon Franchise LLC,

Bonchon LLC (collectively, the "Corporate Defendants") and JinDuk Seh (the "Individual

Defendant" or "Mr. Jin"). Plaintiffs and Collective Action Members were misclassified as

"exempt" in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and

Article 19 of the New York Labor Law ("NYLL"), and were denied overtime compensation and

"spread of hours" compensation as required by federal and state wage and hour laws. These employees are similarly situated under the FLSA. 29 U.S.C.§ 216(b).

2.      The Collective Class is made up of all persons who are or were employed by the Defendants on a salary basis within the United States at any time within the period of three years prior to the filing date of this action through the date of the final disposition of this action (the "Collective Class Period"), including, but not limited to, all persons who are or have been employed by Defendants under the title and/or appellation of "Supervisor," "Kitchen Supervisor," or "Franchise Consultant," and who are or were classified as exempt for purposes of overtime compensation eligibility, and who are or were subject to Defendants' unlawful and systematic practice of making improper deductions from the salaries of purportedly exempt employees and of failing to pay overtime premiums for all hours worked over 40 in a given workweek.

3.      During the Collective Class Period, Defendants unlawfully failed to pay to the Collective Action Members overtime premiums to which they were entitled for all hours worked over 40 in a given workweek. Plaintiffs therefore also seek relief on their own behalf pursuant to the applicable provisions of the NYLL and seek relief on their own behalf and for the Collective Class under the FLSA, to remedy Defendants' failure to pay all wages due, in addition to injunctive relief.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 as this action is brought under the FLSA pursuant to 29 U.S.C. §§ 207 *et seq.*

5.      This Court has supplemental jurisdiction over Plaintiffs' related claims arising under State law pursuant to 28 U.S.C. § 1367.

6.     Venue is proper in this district pursuant to 28 U.S.C. § 1391, because a substantial portion of the wage violations that give rise to Plaintiffs' claims occurred in this district.

7.     Contemporaneous with the filing of this lawsuit, Plaintiffs will forward a copy of this complaint to the Attorney General of the State of New York in accordance with NYLL § 215(2).

8.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

9.     Defendants each maintain a principal place of business in New York City and are each subject to personal jurisdiction in New York.

## THE PARTIES

### Plaintiffs

10.     Individual and representative Plaintiff Henry Nguyen ("Mr. Nguyen") resides in Allston, Massachusetts. He was employed by Defendants at the BonChon Restaurant located at 207 West 38th Street, New York, New York 10001 (the "Midtown BonChon") as a salaried Kitchen Supervisor from July 2011 until February 2013. At all relevant times Mr. Nguyen met the definition of an "employee" under all applicable statutes. Attached hereto as Exhibit 1 is the Notice of Consent to be a Party Plaintiff signed by Mr. Nguyen.

11.     Individual and representative Plaintiff Shane Ceres ("Mr. Ceres") resides in Salem, Massachusetts. He was employed by Defendants at the Midtown BonChon as a salaried Kitchen Supervisor from September 2011 to March 2013. At all relevant times Mr. Ceres met the definition of an "employee" under all applicable statutes. Attached hereto as Exhibit 2 is the Notice of Consent to be a Party Plaintiff signed by Mr. Ceres.

12.     Individual and representative Plaintiff Sampson Duong ("Mr. Duong") resides in Brighton, Massachusetts. He was employed by Defendants at the Midtown BonChon as a salaried Kitchen Supervisor from July 2011 to March 2013. At all relevant times Mr. Duong met the definition of an "employee" under all applicable statutes. Attached hereto as Exhibit 3 is the Notice of Consent to be a Party Plaintiff signed by Mr. Duong.

13.     Individual and representative Plaintiff Jonathan Joo ("Mr. Joo") resides in Boston, Massachusetts. He was employed by Defendants at the Midtown BonChon as a salaried Kitchen Supervisor from April 2011 to February 2013. At all relevant times Mr. Joo met the definition of an "employee" under all applicable statutes. Attached hereto as Exhibit 4 is the Notice of Consent to be a Party Plaintiff signed by Mr. Joo.

## Defendants

14.     Defendant Bonchon U.S.A., Inc. is a corporation duly organized under the laws of the State of New York, with corporate headquarters at 213 West 35th Street, Suite 401, New York, New York 10001, within the jurisdiction of this Court, where it operates as the owner and global franchisor of over sixty restaurants in the United States and Asia, each known as BonChon or BonChon Chicken ("BonChon" or "Restaurant"). Upon information and belief, Defendant Bonchon U.S.A, Inc. directly owns and operates BonChon locations throughout the United States, including the Midtown BonChon location. At all relevant times, Defendant Bonchon U.S.A, Inc. met the definition of "employer" under all applicable statutes.

15.     Defendant Bonchon Franchise LLC is a domestic limited liability company duly organized under the laws of the State of New York and with corporate headquarters at 213 West 35th Street, Suite 401, New York, New York 10001, within the jurisdiction of this Court, where it operates as the owner and global franchisor of BonChon Restaurants. Upon information and

belief, Bonchon Franchise LLC owns and operates BonChon locations throughout the United States and worldwide, including the Midtown BonChon location. At all relevant times, Defendant Bonchon Franchise LLC met the definition of "employer" under all applicable statutes.

16.     Defendant Bonchon LLC is a Domestic Limited Liability Company duly organized under the laws of the State of New York and with corporate headquarters 213 West 35th Street, Suite 401, New York, New York 10001, within the jurisdiction of this Court, where it operates as the owner and global franchisor of BonChon Restaurants. Upon information and belief, Bonchon LLC owns and operates BonChon locations throughout the United States and worldwide, including the Midtown BonChon location. Upon information and belief, Defendant Bonchon LLC also owns and operates the warehouses utilized by the Defendants herein in the operation of various BonChon restaurants. At all relevant times, Defendant Bonchon LLC met the definition of "employer" under all applicable statutes. Defendants Bonchon LLC, Bonchon Franchise LLC, and Bonchon U.S.A., Inc. are collectively referred to herein as the "Corporate Defendants."

17.     Defendant JinDuk Seh maintains a place of business at 213 West 35th Street, Suite 401, New York, New York 10001 and upon information and belief resides at 66 West 38th Street, Apt. 19F, New York, New York 10018, within the jurisdiction of this Court. Upon information and belief, at all relevant times Defendant Jinduk Seh was the owner, CEO, President, principal shareholder, and/or managing member of the Corporate Defendants, was in active control and management of the Restaurants owned and operated by the Corporate Defendants, and regulated the employment of persons employed by the Corporate Defendants at said Restaurants, which acts are directly and indirectly in the interest of the Corporate

Defendants in relation to its employees. Upon information and belief, Defendant JinDuk Seh also owns and operates BonChon locations throughout the United States and worldwide in an individual capacity, including the Midtown BonChon location and the BonChon restaurant located at 123 Brighton Avenue, Allston Village, Massachusetts 02134. At all relevant times, Defendant JinDuk Seh met the definition of "employer" under all applicable statutes.

## FACTUAL ALLEGATIONS

### A.  Plaintiffs and the Collective Action Members Did Not Have Management as Their Primary Duty and Were Therefore Unlawfully Misclassified by Defendants

18.     Plaintiffs and the Collective Action Members are and were improperly and unlawfully misclassified as exempt employees, insofar as at no time material hereto did they have management as their primary duty.

19.     Rather, Plaintiffs and the Collective Action Members customarily and regularly perform non-exempt work. Specifically, the primary duties of Mr. Nguyen, Mr. Ceres, and Mr. Duong, all of whom were employed as salaried "Kitchen Supervisors," consisted of cooking food, washing dishes, sweeping floors, stocking shelves, packing and unpacking foodstuffs, and so forth. Likewise, the primary duties of Mr. Joo, employed as a "Franchise Consultant," were essentially clerical in nature.

20.     Indeed, these same duties are and were performed by employees of Defendants' who are in fact classified as non-exempt employees and paid on an hourly basis, as opposed to Plaintiffs and the Collective Action Members, who were paid on a salary basis.

21.     In fact, less than ten percent (10%) of the time of Plaintiffs and the Collective Action Members, if any time at all, is and/or was devoted to management duties.

22.     Further, the management duties of Plaintiffs and the Collective Action Members are relatively unimportant and unsubstantial in comparison to the non-exempt duties performed by the Plaintiffs and the Collective Action Members.

23.     Plaintiffs and the Collective Action Members rarely exercise true discretionary power in connection with matters of significance.

24.     Plaintiffs and the Collective Action Members are not relatively free from supervision in connection with matters of significance, such as scheduling and personnel decisions. Moreover, any relative freedom from supervision that exists for Plaintiffs and the Collective Action Members is the same as that afforded other non-exempt employees.

**B.      Defendants Demonstrated an Intent to Treat Plaintiffs and the Collective Action Members as Non-Exempt, Hourly Employees by Making Improper Deductions from their Salaries**

25.     As part of their normal business practice and throughout the Collective Class Period, Defendants regularly and improperly made and/or make deductions from the salaries of employees classified as exempt, including Plaintiffs and the Collective Action Members, as a disciplinary measure for minor infractions, such as tardiness, or in response to an exempt employee missing work due to sickness.

26.     At no relevant time herein did Defendants provide exempt employees with a written policy or otherwise clearly communicate a corporate policy to exempt employees regarding the possible basis for such deductions.

27.     By way of example only, at all times relevant herein Defendants maintained (and upon information and belief continue to maintain) a policy of unlawfully reducing the salary of exempt employees for each day an employee takes off from work due to sickness.

28.     On or about early October 2012, Individual Defendant JinDuk Seh was present at a regularly-scheduled weekly meeting of exempt employees at the Midtown BonChon location. The meeting was conducted in Korean, with a supervisor translating into English, making it extremely difficult for non-Korean speaking employees—the majority of those present at the meeting—to understand the substance of what was being discussed.

29.     Upon information and belief, all individuals employed by Defendants on a salary basis at the Midtown Bonchon location, including Plaintiffs, and all individuals employed by Defendants on a salary basis at the warehouses used by Defendants in the operation of various Bonchon locations were also present at the October 2012 meeting.

30.     At the October 2012 meeting, Mr. Jin expressed dissatisfaction with the work performance of the purportedly exempt employees, and stated that deductions, in an amount to be determined in Mr. Jin's sole discretion, would be made from their salaries until their "work ethic" had improved to his satisfaction.

31.     Specifically, Mr. Jin stated in sum and substance that, if an employee was "even one minute late" more than three times in a month, that employee would be reduced to minimum wage for an effectively indefinite period.

32.     Mr. Jin further stated that the "policy"—which was only cursorily explained to Defendants' salaried employees in Korean and never reduced to writing—applied to all those who were present, including supervisors, office workers (such as accountants and franchise consultants), and those employed in the warehouse on a salaried basis.

33.     Pursuant to Defendants' unlawful practice, Defendants made deductions from Mr. Nguyen's salary at least nineteen times during the period between July 2011 and February 2012, in amounts ranging from approximately $115.00 to $340.00. Defendants never informed Mr.

Nguyen of the basis for such deductions, beyond cursory references to Mr. Nguyen's alleged tardiness or "poor work ethic." Mr. Nguyen never received any reimbursement for these deductions.

34.    Following the October 2012 meeting, Mr. Nguyen's salary was reduced to minimum wage, or $7.25 per hour, for a period of approximately nine weeks. During this period, Defendants paid Mr. Nguyen "spread of hours" compensation and overtime compensation at a rate of one and one half times the minimum wage. Although Mr. Nguyen's salary was eventually restored to its previous level, he was never reimbursed for these deductions.

35.    At various times subsequent to the October 2012 meeting, Mr. Jin informed other employees at the Midtown BonChon location of the deductions made to Mr. Nguyen's salary. Mr. Jin stated numerous times, in sum and substance and with reference to Mr. Nguyen: "I reduced him to minimum wage. Why has he not quit?"

36.    Pursuant to Defendants' unlawful practice, Defendants likewise made deductions from Mr. Ceres's salary at least seven times during the period between September 2011 and February 2012, in amounts ranging from approximately $100.00 to $220.00. Mr. Ceres was only reimbursed for one of these deductions.

37.    Following the October 2012 meeting, Mr. Ceres's salary was reduced to minimum wage, including overtime and spread of hours. Mr. Ceres was subsequently reimbursed for the salary deductions made following the October 2012 meeting. However, Mr. Ceres did not receive reimbursements for any other improper deductions made to his salary.

38.    Upon information and belief, the salaries of other purportedly exempt employees at the Midtown BonChon were similarly reduced throughout the Collective Class Period.

Moreover, even those exempt employees who did not have amounts actually deducted from their salary were subject to such deductions during the Collective Class Period.

39.     Defendants' practice of making improper deductions from the salaries of its exempt employees clearly demonstrates an intention to treat those employees as non-exempt, hourly workers.

40.     Upon information and belief, the unlawful conduct of Defendants described in this complaint is consistent with a corporate policy of attempting to minimize labor costs by violating the FLSA and the NYLL.

**C.    Defendants Unlawfully Failed to Keep Adequate Records of the Hours Worked by Plaintiffs and the Class Members**

41.     Defendants required all employees, including Plaintiffs and the Class Members, to clock in and out of work each shift. Upon information and belief, Defendants used the data produced by this practice to impose penalties on employees, including the improper deduction of amounts from the salaries of Plaintiffs and the Collective Action Members.

42.     Despite this procedure, upon information and belief Defendants regularly destroy or otherwise have not adequately maintained records of hours each employee has worked, such that Plaintiffs have not been able to recover from Defendants the records relating to their own employment.

43.     Plaintiffs were each scheduled for and required to work an average of approximately sixty-five (65) hours per workweek, and often worked in excess of eighty (80) hours per week. Plaintiffs were not compensated for the additional hours over forty (40) hours worked per workweek. Upon information and belief, the Collective Action Members also each worked approximately sixty-five (65) hours per workweek, and were not compensated for the additional hours over forty (40) hours worked per workweek.

44.     In addition, Plaintiffs and the Collective Action Members often worked a shift where the spread of hours exceeded ten (10) hours, yet Defendants failed to pay them an additional hour of pay at the minimum wage rate.

## COLLECTIVE ACTION ALLEGATIONS

45.     Plaintiffs brings FLSA claims on behalf of himself and other employees similarly situated as authorized by 29 U.S.C. § 216(b). The employees similarly situated are:

**Collective Class:**     All persons in the United States who are or have been employed by Defendants on a salaried basis, at any time within the United States within the period of three years prior to this action's filing date through the date of the final disposition of this action, including, but not limited to, those employed under the title and/or appellation of "Supervisor," "Kitchen Supervisor," or "Franchise Consultant," and who are or were classified as exempt for purposes of overtime compensation eligibility, and who are or were subject to Defendants' unlawful and systematic practice of making improper deductions from the salaries of purportedly exempt employees and of failing to pay overtime premiums for all hours worked over 40 in a given workweek.

46.     Defendants employed Plaintiffs during the Collective Class Period.

47.     Upon information and belief, Defendants employ and/or employed at least twenty (20) salaried employees who satisfy the definition of the Collective Class.

48.     Upon information and belief, all salaried employees subject to the policy or practice of Defendants' making improper salary deductions are misclassified by the Defendants as exempt employees.

49.     At all times during the Collective Class Period, Defendants authorized a misclassification of those individuals subject to Defendants' improper practice of making deductions to the compensation of salaried employees, including Plaintiffs, as exempt from the overtime provisions of the FLSA and have, as a matter of policy, not paid them overtime premiums for hours worked in excess of forty (40) hours in a workweek.

50.     Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.

51.     Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who were subject to the aforementioned policies in violation of the FLSA who would benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated employees are known to the Defendants and are readily identifiable through Defendants' records.

## FIRST CAUSE OF ACTION

### (Unlawful Failure to Pay Overtime Compensation under the FLSA)

52.     Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs as if fully set forth herein.

53.     Plaintiffs consent in writing to be a part of this action, pursuant to 20 U.S.C. § 216(b). Plaintiffs' written consent forms are attached hereto. Plaintiffs anticipate that as this case proceeds, other individuals will sign consent forms and join as plaintiffs.

54.     At all relevant times, Defendants have been an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 20 U.S.C. § 203. At all relevant times, Defendants have employed and continue to employ employees, including the Collective Action Members. At all relevant times, upon information and belief, Defendants have had gross operating revenues in excess of $500,000.00.

12

55.     The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per workweek.

56.     During their employment with Defendants, within the applicable statute of limitations, Plaintiffs and the Collective Action Members worked in excess of 40 hours per workweek without overtime compensation. Despite the hours worked by Plaintiffs and the Collective Action Members, Defendants willfully, in bad faith, and in knowing violation of the FLSA, failed and refused to pay them overtime compensation.

57.     During their employment with Defendants, within the applicable statute of limitations, Plaintiffs and the Collective Action Members were subject to Defendants' regular practice of making improper deductions from the salaries of purportedly exempt employees, demonstrating that Defendants did not intend to pay those employees on a salary basis, in violation of 29 U.S.C §§ 216(b) and 255(a) and the supporting Department of Labor Regulations, including, but not limited to, the Regulations in 29 C.F.R. §§ 541.602 and 541.603.

58.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C §§ 216(b) and 255(a), and the supporting Department of Labor Regulations, including, but not limited to, the Regulations in 29 C.F.R. §§ 541.602 and 541.603.

59.     Plaintiffs, on behalf of themselves and the Collective Action Members, seek recovery of attorneys' fees and costs to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION

### (Unlawful Failure to Pay Overtime Compensation under the NYLL)
### (Brought by Named Plaintiffs Individually)

60.     Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs as if fully set forth herein.

61.     At all relevant times, Plaintiffs were each an employee and Defendants were their employers within the meaning of the NYLL.

62.     The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants.

63.     Defendants have failed to pay Plaintiffs the overtime wages to which they were entitled under the NYLL since, on a weekly basis, they were mandatorily required to work no less than sixty-five (65) hours per week.

64.     By Defendants' failure to pay Plaintiffs premium overtime wages for hours worked in excess of forty (40) hours per workweek, they have willfully violated the NYLL Article 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 142.

65.     Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover from Defendants their unpaid overtime wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## THIRD CAUSE OF ACTION

### (Violation of the NYLL: Spread of Hours)
### (Brought by the Named Plaintiffs Individually)

66.     Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs as if fully set forth herein.

67.     Consistent with their policy and pattern or practice, Defendants failed to pay Plaintiffs additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which they worked more than 10 hours.

68.     By Defendants' failure to pay Plaintiffs spread-of-hours pay, Defendants have willfully violated the NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including, but not limited to, 12 N.Y.C.R.R. §§ 137-1.7, 3.10.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and all Collective Action Members, pray for the following relief:

A.      That Defendants are found to have violated the FLSA as to Plaintiffs and the Collective Class;

B.      That Defendants are found to have violated the provisions of the NYLL as to Plaintiffs;

C.      That Defendants' violations as described above are found to be willful;

D.      An award to Plaintiffs and the Collective Action Members for the amount of unpaid wages owed, including interest thereon, and penalties, including liquidated damages, subject to proof at trial;

E.      That Defendants further be enjoined to cease and desist from unlawful activities in violation of the FLSA and NYLL;

F.      An award of reasonable attorneys' fees and costs pursuant to the NYLL and 29 U.S.C. § 216 and/or other applicable law; and

G.      For such other and further relief, in law or equity, as this Court may deem appropriate and just.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all issues so triable.

Dated: July 26, 2013
       New York, New York

Respectfully submitted,

THE OTTINGER FIRM, P.C.

By: _____

George D. Vallas
Ariel Y. Graff
20 West 55th Street, 6th Floor
New York, New York 10019
Tel: (212) 571-2000
Fax: (212) 571-0505
george@ottingerlaw.com
ari@ottingerlaw.com

*COUNSEL FOR PLAINTIFFS AND*
*THE PROPOSED COLLECTIVE CLASS*

# Exhibit 1

## NOTICE OF CONSENT TO BE A PARTY PLAINTIFF

I consent to be a party plaintiff in the foregoing lawsuit against Bonchon U.S.A., Inc.,

Bonchon Franchise LLC, Bonchon LLC and JinDuk Seh in order to seek redress for violations of

the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I understand that by filing this

Notice of Consent, I will be bound by the judgment of the Court on all issues in this case,

whether favorable to me or not. I hereby designate The Ottinger Firm, P.C. to represent me in

this suit.

_____
Signature

Henry D. Nguyen
Print name

_____
Date

**Allston Massachusetts 02134**
City, State, and Zip Code

# Exhibit 2

## NOTICE OF CONSENT TO BE A PARTY PLAINTIFF

I consent to be a party plaintiff in the foregoing lawsuit against Bonchon Franchise LLC, Bonchon LLC, Bonchon U.S.A., Inc. and JinDuk Seh in order to seek redress for violations of the Fair Labor Standards Act, 29 U.S.C. § 216(b). I understand that by filing this Notice of Consent, I will be bound by the judgment of the Court on all issues in this case, whether favorable to me or not. I hereby designate The Ottinger Firm, P.C. to represent me in this suit.

_____
Signature

Shane Ceres
Print name

7/12/13
Date

Salem/MA  01970
City, State, and Zip Code

# Exhibit 3

## NOTICE OF CONSENT TO BE A PARTY PLAINTIFF

I consent to be a party plaintiff in the foregoing lawsuit against Bonchon Franchise LLC, Bonchon LLC, Bonchon U.S.A., Inc. and JinDuk Seh in order to seek redress for violations of the Fair Labor Standards Act, 29 U.S.C. § 216(b). I understand that by filing this Notice of Consent, I will be bound by the judgment of the Court on all issues in this case, whether favorable to me or not. I hereby designate The Ottinger Firm, P.C. to represent me in this suit.

_____
Signature

Sampson Duong
Print name

07 / 24 / 13
Date

Brighton MA 02135
City, State, and Zip Code

# Exhibit 4

## NOTICE OF CONSENT TO BE A PARTY PLAINTIFF

I consent to be a party plaintiff in the foregoing lawsuit against Bonchon Franchise LLC,

Bonchon LLC, Bonchon U.S.A., Inc. and JinDuk Seh in order to seek redress for violations

of the Fair Labor Standards Act, 29 U.S.C. § 216(b).  I understand that by filing this Notice

of Consent, I will be bound by the judgment of the Court on all issues in this case, whether

favorable to me or not.  I hereby designate The Ottinger Firm, P.C. to represent me in this suit.

Signature

JONATHAN JOO
Print name

07/22/2013
Date

Boston, MA 02134
City, State, and Zip Code